# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD BROWN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:01-CV-1723 CAS |
| ) | |
| DONALD L. SWANSON, an individual ) | |
| d/b/a THE BRICK COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for contempt against defendant Donald L. Swanson, an individual d/b/a The Brick Company. Plaintiffs' motion is accompanied by a memorandum in support and a Record of Non Appearance of defendant Swanson.

**Background**.

Plaintiff Donald Brown and the Trustees of various trusts and employee benefit plans of Local 1 Bricklayers of Missouri, Bricklayers' Union Local No. 1, Bricklayers and Trowel Trades International Pension Fund and The Masonry Institute of St. Louis filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a). The Complaint asserted that defendant Swanson was bound by the provisions of collective bargaining agreements to make weekly payments to the trusts, plans and other entities in specified amounts through the purchase of fringe benefit stamps, and to submit monthly report forms. The collective bargaining agreements also provided for the weekly payment of union

dues through the purchase of fringe benefit stamps and the monthly reporting of hours worked by employees of the employer.

Plaintiffs asserted that an examination of defendant's books and records for the period of November 1, 1995 through December 31, 2000 revealed that defendant failed to report hours worked and failed to purchase fringe benefit contributions and make dues remissions totaling $17,246.31. Plaintiffs sought this amount together with liquidated damages calculated pursuant to the collective bargaining agreements of $17,208.24, and interest, costs, accounting fees and reasonable attorney's fees.

Defendant was served with summons and complaint on November 2, 2001, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On December 7, 2001, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ. P. The Court entered default judgment in favor of plaintiffs and against defendant Swanson on April 11, 2002 in the total amount of Thirty Thousand Nine Hundred Forty-Four Dollars and Seventy Cents ($30,944.70).

In an attempt to further collection efforts, plaintiffs noticed the post-judgment deposition of defendant Swanson pursuant to Rules 69 and 37 of the Federal Rules of Civil Procedure. The notice was served by mail on February 3, 2006. The notice required the attendance of defendant Swanson at the office of plaintiffs' counsel on March 1, 2006, at 10:30 a.m. and the simultaneous production of documents pertaining to collection efforts. Defendant did not appear for the deposition or produce any of the requested documents.

Plaintiffs sought an order of the Court compelling defendant Swanson to appear for a post-judgment deposition and to produce the records requested at the offices of plaintiffs' counsel on a

date and time specified by the Court. On March 16, 2006, the Court ordered defendant Swanson to appear for deposition at the offices of plaintiffs' counsel on April 12, 2006, and to produce the requested documents at the same time. The Record of Non Appearance submitted in connection with plaintiffs' motion for contempt reflects that defendant failed to appear at the scheduled deposition. Plaintiffs now move to have defendant held in contempt of court for failing to appear at the deposition and to produce records as ordered, and seek a monetary compliance fine of $200.00 for each day of defendant's noncompliance. Plaintiffs also seek attorney's fees and expenses incurred in filing the motion for contempt. Finally, plaintiffs seek defendant's incarceration in the event defendant continues to disregard the Court's Order of March 16, 2006.

**Discussion**.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish

the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that defendant Swanson did not appear for deposition and to produce records as ordered. At this point, the burden shifts to defendant Swanson to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail;" (2) his inability to comply was not "self-induced;" and (3) he made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Donald L. Swanson is ordered to show cause why he should not be held in contempt of court for failure to appear for deposition and to produce records on April 12, 2006 as ordered by the Court on March 16, 2006.

**IT IS FURTHER ORDERED** that a hearing is set for Thursday, **June 29, 2006**, at **10:00 a.m.** in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which defendant Donald L. Swanson may show cause why civil contempt sanctions should not be imposed against him for failure to comply with the Court's Order of March 16, 2006. Because incarceration is a possible civil contempt sanction, defendant Swanson has the right to representation by counsel. Failure to appear for the hearing as ordered may subject defendant Swanson to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendant Donald L. Swanson, d/b/a The Brick Company, at 10 Catamaran, Lake St. Louis, Missouri 63367.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of May, 2006.